```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION
```

TEKYSHA WASHINGTON,              §
                                 §
            Petitioner,          §
                                 §
V.                               §     No. 4:20-CV-1360-Y
                                 §
MICHAEL CARR, Warden,[1]         §
FMC-Carswell,                    §
                                 §
            Respondent.          §

## OPINION AND ORDER

Before the Court is a purported petition under 28 U.S.C. § 2241 for writ of habeas corpus by petitioner, Tekysha Washington, a federal prisoner confined in FMC-Carswell, against Michael Carr, warden of FMC-Carswell, Respondent. The petition was transferred to this Court by the United States District Court for the District of Columbia and consists entirely of a two-page, hand-written document complaining of the conditions of her confinement at FMC-Carswell.[2] She seeks no specific relief. After having considered the petition, the Court has concluded that the petition should be summarily dismissed for lack of subject-matter jurisdiction. No service has issued upon Respondent.

---

[1] Michael Carr is the current warden of FMC-Carswell and is automatically substituted as the party respondent. FED. R. CIV. P. 25(d). Because there is only one proper respondent in a habeas-corpus proceeding, the immediate physical custodian of the prisoner, Dr. Silvas is DISMISSED as a party in this case.

[2] Attached to the petition is a copy of Petitioner's prior habeas petition filed in this Court in No. 4:14-CV-353-O.

I. Factual and Procedural History

Petitioner is serving a term of 84 months' imprisonment for her conviction in the United States District Court of the District of Columbia for assaulting, resisting, or impeding certain officers or employees. (J., United States v. Washington, Case No. 10-169, doc. 33.)

II. Discussion

A § 2241 habeas petition is the proper procedural vehicle for challenging an action that "directly implicates the duration of" a prisoner's confinement. *Davis v. Fechtel,* 150 F.3d 486, 487 (5th Cir. 1998). On the other hand, a civil-rights complaint is the proper procedural vehicle for challenging unconstitutional conditions of a prisoner's confinement. *Carson v. Johnson,* 112 F.3d 818, 820 (5th Cir. 1997); *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994). Therefore, Petitioner's conditions-of-confinement claims should be brought in a civil-rights action.

For the reasons discussed, the Court DISMISSES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 for lack of subject matter jurisdiction. Petitioner's application to proceed *in forma pauperis* (doc. 2) is DENIED.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. The certificate of appealability may issue

"only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack,* 529 U.S. at 484). This inquiry involves two components, but a court may deny a certificate of appealability by resolving the procedural question only. Petitioner has not made a showing that reasonable jurists would question this Court's procedural ruling. Therefore, a certificate of appealability should not issue.

    SIGNED January 11, 2021.

                                            TERRY R. MEANS
                                            UNITED STATES DISTRICT JUDGE